# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| MARLENE D. KIRKWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:17CV750-PPS |
| | ) | |
| NANCY BERRYHILL, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Marlene D. Kirkwood appeals the denial of her application for disability insurance benefits by the Commissioner of the Social Security Administration. Kirkwood was 47 years old on the date of she alleges she became disabled, January 1, 2011. The administrative law judge found that she had severe impairments of degenerative disc disease of the lumbar spine, rheumatoid arthritis v. fibromyalgia v. polyarthritis, and obesity. [AR at 13.][1] Kirkwood previously worked as a nurse assistant and resident care aide. [AR at 22.] After a hearing at which Kirkwood appeared and testified on October 31, 2016, the ALJ issued a written decision denying Kirkwood's claim for benefits on March 14, 2017. [AR 11-24.]

Kirkwood asks me to reverse the ALJ's decision and remand for further proceedings by the Social Security Administration. My review of the ALJ's decision is

---

[1] The administrative record [AR] is found in the court record at docket entry 11, and consists of 1365 pages. I will cite to the pages of this AR according to the Social Security Administration's Bates stamp numbers rather than the court's Electronic Case Filing page number.

deferential. I must affirm it if it is supported by substantial evidence, meaning "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (citation omitted). I can't reweigh the evidence or substitute my judgment for that of the ALJ. *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015). But these standards do not mean that I "will simply rubber-stamp the Commissioner's decision without a critical review of the evidence." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

## Discussion

Unfortunately for Kirkwood, the analysis of her application for benefits does not reach the stage of considering the impact of her severe impairments on her ability to work. She was found not to qualify for disability before that step in the analysis. One disqualification from disability benefits involves the concept of "substantial gainful activity" or SGA. The statutory definition of "disability" includes the "inability to engage in any substantial gainful activity...." 42 U.S.C. §423(d)(1)(A). The regulations say it plainly: "If you are able to engage in substantial gainful activity, we will find that you are not disabled." 20 C.F.R. §404.1571; 20 C.F.R. §416.971.

The Social Security regulations define "substantial gainful activity" by specifying an amount of earnings for each calendar year, and a person who is able to earn more than that amount by working in that calendar year cannot be found to be disabled, unless she shows that she maintained her job "only through extensive assistance or employer charity." *Fischer v. Barnhart*, 120 Fed.Appx. 297, at *5 (7th Cir. 2005). This rule applies to

2

work "done during any period in which you believe you are disabled." *Id. See, e.g.*, *Winters on behalf of Estate of Winters v. Berryhill*, 721 Fed. Appx. 549 (7th Cir. 2018).

Kirkwood applied for benefits based on her claim that she became disabled as of January 1, 2011. [AR at 216.] For calendar year 2013, SGA was set at a minimum of $1040 per month in countable earnings. Soc. Sec. Admin. Program Operations Manual Sys. (POMS) DI 10501.015(B). That is an annual income of $12,480 or more. The administrative record contains a report of Kirkwood's earnings for each year from 1996 to 2016. In 2013, Kirkwood earned $14,729.21, several thousand dollars more than the SGA cut-off. [AR at 246.] The same record reflects that Kirkwood had SGA in 2011 as well, when she earned $17,705.62. [*Id.*] The SGA limit for 2011 was $12,000. POMS DI 10501.015(B). Even after the ALJ's explanation of her disqualification based on SGA [AR at 13], Kirkwood offers no facts in an attempt to rebut the presumption of SGA created by her earnings.

Kirkwood's application for disability benefits was correctly denied, because she was disqualified by having engaged in substantial gainful activity within the period of years she claimed she was disabled. Because substantial evidence supported the ALJ's conclusion that Kirkwood was not disabled for Social Security purposes, I will affirm the decision denying Kirkwood benefits.

## Conclusion

My role is not to determine from scratch whether or not Kirkwood is disabled and entitled to benefits. Instead, my review of the ALJ's findings is deferential, to

determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *Shideler v. Astrue*, 688 F.3d at 310; *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010); *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). Because the evidence supports the Commissioner's conclusion that Kirkwood does not qualify for disability benefits for the period of time she alleged she was disabled, the Commissioner's final decision must be affirmed.

**ACCORDINGLY:**

The final decision of the Commissioner of Social Security denying plaintiff Marlene D. Kirkwood's application for Social Security Disability benefits is AFFIRMED.

The Clerk shall enter judgment in favor of defendant and against plaintiff.

**SO ORDERED**.

ENTERED: August 20, 2018.

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**